UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAKISHA D. W.,

                            Plaintiff,

v.                                          1:20-CV-1122
                                          (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

APPEARANCES:                           OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC    KENNETH HILLER, ESQ.
  Counsel for Plaintiff                      ELIZABETH HAUNGS, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

LEWIS L. SCHWARZ, PLLC              LEWIS SCHARTZ, ESQ.
  Counsel for Plaintiff
1231 Delaware Ave., Ste. 103
Buffalo, NY 14209

U.S. SOCIAL SECURITY ADMIN.           GRAHAM MORRISON, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 16.)  The court has jurisdiction over this matter pursuant

to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is granted to the

extent it seeks remand for further proceedings, and the Commissioner's motion is denied.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born in 1979.  (T. 84.)  She completed four or more years of college.  (T. 192.)  Generally, Plaintiff's alleged disability consists of left hip injury.  (T. 191.)  Her alleged disability onset date is February 23, 2015.  (T. 84.)  Her date last insured is June 30, 2022.  (T. 17.)  Her past relevant work consists of firefighter, customer service representative, and loan clerk.  (T. 22, 192.)

### B.     Procedural History

On April 25, 2017, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act.  (T. 84.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On March 25, 2019, Plaintiff appeared before the ALJ, Stephen Cordovani.  (T. 31-74.)  On April 19, 2019, ALJ Cordovani issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 12-30.)  On June 22, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 17-25.)  First, the ALJ found Plaintiff met the insured status requirements through June 30, 2022 and Plaintiff had not engaged in substantial gainful

activity since February 23, 2016.  (T. 17.)  Second, the ALJ found Plaintiff had the severe impairments of: degenerative joint disease of the left hip status-post arthroscopy and debridement with chondroplasty and subsequent total hip replacement, and degenerative disc disease of the lumbar spine.  (*Id.*)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 18.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform: sedentary work as defined in 20 C.F.R. § 404.1567(a); except Plaintiff:

> can occasionally climb ramps and stairs, stoop and balance but can never kneel, crouch, crawl or climb ladders, ropes or scaffolds.  [Plaintiff] can never full squat but can have occasional partial squatting otherwise. [Plaintiff] must avoid work around unprotected heights or moving machinery and must avoid work on uneven ground.  [Plaintiff] can have no continuous standing greater than 15 minutes.  [Plaintiff] can alternate sitting and standing with up to 2 hours of standing activity daily.

(*Id.*)[1]  Fifth, the ALJ determined Plaintiff capable of performing her past relevant work as a loan clerk as generally performed.  (T. 22.)  In the alternative, the ALJ determined, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 23-24.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ's highly specific sit/stand option was

---

[1]    Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. § 404.1567(a).

unsupported by substantial evidence.  (Dkt. No. 12 at 10-14.)  Second, and lastly,
Plaintiff argues the ALJ erred by failing to evaluate if Plaintiff's multiple surgeries
necessitated a close period of benefits.  (*Id*. at 14-18.)  Plaintiff also filed a reply in
which she reiterated her original arguments.  (Dkt. No. 15.)

### B.    Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues the ALJ
properly assessed the sit/stand limitation.  (Dkt. No. 13 at 6-10.)  Second, and lastly,
Defendant argues the ALJ properly determined Plaintiff was not disabled at any point
during the relevant period.  (*Id*. at 10-11.)

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo*
whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v.
Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the
Commissioner's determination will only be reversed if the correct legal standards were
not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*,
817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether
the ALJ applied correct legal principles, application of the substantial evidence standard
to uphold a finding of no disability creates an unacceptable risk that a claimant will be
deprived of the right to have her disability determination made according to the correct
legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*,
615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation

process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The

five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity;
> (2) whether the claimant has a severe impairment or combination of
> impairments; (3) whether the impairment meets or equals the severity of the
> specified impairments in the Listing of Impairments; (4) based on a 'residual
> functional capacity' assessment, whether the claimant can perform any of
> his or her past relevant work despite the impairment; and (5) whether there
> are significant numbers of jobs in the national economy that the claimant
> can perform given the claimant's residual functional capacity, age,
> education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A.  Sit/Stand Option

Plaintiff argues the ALJ failed to tether evidence in the record to his

determination Plaintiff required the option to alternate sitting and standing with up to two

hours of standing activity daily in his RFC determination.  (Dkt. No. 12 at 11-12.)

Plaintiff argues the specific limitation did not come from the medical record, but instead

was based on the vocational expert's testimony.  (*Id*. at 12-13.)  Defendant argues the

ALJ's sit/stand determination was directly supported by the medical evidence of record

including medical opinion evidence.  (Dkt. No. 13 at 6-10.)  Neither party disputes the

remainder of the ALJ's RFC determination, therefore, for ease of analysis, only

evidence relating to the sit/stand limitations will be discussed.  Here, remand is

necessary for a proper analysis of Plaintiff's ability to sit and/or stand.

In general, an ALJ's RFC determination need not perfectly correspond with any

of the medical opinions in the record, provided he has weighed all of the evidence

available to make an RFC finding that was consistent with the record as a whole.

*Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016) (citing *Matta v. Astrue*, 508 F.

App'x 53, 56 (2d Cir. 2013)).  However, remand is necessary where an ALJ fails to

assess Plaintiff's "capacity to perform relevant functions, despite contradictory evidence

in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful

review."  *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).

Although medical opinion evidence in the record supports a determination that

Plaintiff required a sit/stand option, the ALJ's otherwise thoroughly and well written

decision provides inadequate analysis to support his specific sit/stand option.  The

record contains essentially three sit/stand variations.  A treating source opined Plaintiff

required a sit/stand option, the ALJ provided a hypothetical at the hearing containing a

sit/stand option, and the ALJ's RFC contained yet another sit/stand option.  It is unclear

from the ALJ's decision, or a reading of the record, how the evidence in the record

supported the sit/stand option found in the RFC.

Treating source, David Hughes, M.D., opined Plaintiff could perform sedentary

work with "frequent changes in position as needed."  (T. 906, 939.)  Although the ALJ

found Dr. Hughes's opinion persuasive, the ALJ's RFC did not provide for a sit/stand

option "as needed."  (T. 18, 21.)  The ALJ's written decision fails to provide additional

analysis, or cite to any other evidence, to support the determination that Plaintiff could

"alternate sitting and standing with up to 2 hours of standing."  (T. 19.)

At Plaintiff's hearing, the ALJ presented various hypotheticals to the vocational

expert ("VE").  In his first hypothetical, the ALJ limited an individual with Plaintiff's age,

education, and work experience to sedentary work with non-exertional limitations

consistent with the RFC determination, and "no continuous standing greater than 15 minutes."  (T. 67.)

Based on the hypothetical, the VE testified Plaintiff could perform her past relevant work as a loan clerk and in addition there were other jobs in significant number in the national economy.  (T. 67.)  However, the hypothetical posed to the VE limited Plaintiff to standing no continuous standing greater than 15 minutes, this limitation does not align with the ultimate RFC determination, which limited Plaintiff to standing up to two hours.  (T. 18.)  During follow up, the ALJ asked if the occupations provided by the VE were jobs in which an individual "could alternate seated and standing postures" and further, "if sitting was a posture they could no longer tolerate for a period [of] time and they then stood up."  (T. 68.)  The VE responded, "Yes.  It's up to two hours of standing and walking in sedentary work."  (*Id*.)

Indeed, as stated by the VE, sedentary work requires occasional walking and standing, or generally about two hours.  20 C.F.R. § 404.1567(a); SSR 96-9p (walking and standing would generally total no more than about 2 hours of an 8 hour workday). The ALJ's RFC determination, that Plaintiff can alternate sitting and standing with up to two hours of standing activity daily, is consistent with the defined exertional demands of light work; and therefore, without more, the sitting and standing option provides no additional limitations.

Because the record contains various sit/stand limitations and the lack of analysis frustrates meaningful review, remand is necessary for a proper analysis and determination of Plaintiff's ability to perform the sitting and standing requirements of sedentary work.

**B.  Evaluation of Evidence and Closed Period**

Plaintiff argues the ALJ failed to properly assess evidence concerning Plaintiff's hip surgeries.  (Dkt. No. 12 at 14-18.)  Plaintiff further argues the ALJ failed to evaluate whether Plaintiff's surgeries rendered her disabled for a closed period of disability.  (*Id*.) Because remand is required for further analysis of Plaintiff's RFC, the ALJ can address any potential closed periods on remand.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated:        December 20, 2021

William B. Mitchell Carter
U.S. Magistrate Judge